# IN THE UNITED STATES DISTRICT COURT

FOR THE _Southern_ DISTRICT OF TEXAS

_Corpus Christi_ DIVISION

United States Courts
Southern District of Texas
FILED

JUN 1 5 2020

David J. Bradley, Clerk of Court

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

_Johnny Lee Davis_
PETITIONER
(Full name of Petitioner)

_McConnell Unit - Beeville, TX._
CURRENT PLACE OF CONFINEMENT

vs.

_02114918_
PRISONER ID NUMBER

_Warden Castro_
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed _in forma pauperis_ must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed _in forma pauperis_. To proceed _in forma pauperis_, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified _In Forma Pauperis_ Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

_____

## PETITION

**What are you challenging?** (Check all that apply)

    ☒    A judgment of conviction or sentence,      (Answer Questions 1-4, 5-12 & 20-25)
           probation or deferred-adjudication probation.
    ☐    A parole revocation proceeding.      (Answer Questions 1-4, 13-14 & 20-25)
    ☐    A disciplinary proceeding.      (Answer Questions 1-4, 15-19 & 20-25)
    ☐    Other:_____      (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

     36 TH JUDICIAL DISTRICT / ARANSAS County, TEXAS

2. Date of judgment of conviction: Feb, 9, 2017

3. Length of sentence: 10 years TDCJ

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:_____

     TR. CT. No. A-16-5063-CR — CRIMINAL SOLICITATION

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one) ☒ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ☒ Jury ☐ Judge Only

7. Did you testify at trial? ☐ Yes ☒ No

8. Did you appeal the judgment of conviction? ☒ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? 13TH Court of Appeals Cause Number (if known): 13-17-00103-CR

What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

What was the date of that decision? July 26, 2018

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: insufficient evidence; hearsay evidence; extraneous events; jury charge; ineffective assistance.

Result: refused

Date of result: 9-11-2019 Cause Number (if known): PD-0844-19

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: N/A

Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☒ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

Name of court: Court of Criminal Appeals

Nature of proceeding: writ of habeas corpus

Cause number (if known): WR-89,380-~~03~~ of and 04 → 01 through 05

WR-89,380

–3–

Date (month, day and year) you _filed_ the petition, application or motion as shown by a file-stamped date from the particular court: 6-10-2019 Feb. 13, 2019 (See Ex. A)

Grounds raised: insufficient evidence; hearsay evidence; inadmissable evidence; jury charge; ineffective assistance - both appeal, trial

Date of final decision: July 3, 2019

What was the decision? relief granted on Grounds 1 "ineffective assistance" (See Ex. B)

Name of court that issued the final decision: Court of Criminal Appeals

As to any _second_ petition, application or motion, give the same information:

Name of court: TRIAL Court / 36th Judicial District / Aransas County

Nature of proceeding: Writ of Error Quo Warranto (See Ex. E)

Cause number (if known): filed under A-16-5063-CR2

Date (month, day and year) you _filed_ the petition, application or motion as shown by a file-stamped date from the particular court:
December 12, 2019

Grounds raised: prosecutors and/or judge did not have jurisdiction over party or subject matter

Date of final decision: Feb. 14, 2020

What was the decision? Court Denies relief requested

Name of court that issued the final decision: 36th District Court / Aransas County, TX.

_If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion._ (See attach for 3,4)

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?　☐ Yes　☒ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

(b) Give the date and length of the sentence to be served in the future:
N/A

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16.    Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

    _____

    _____

    _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.   **GROUND ONE:** The evidence was legally insufficient to sustain a conviction for criminal solicitation. Petitioner was denied due process.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There is zero evidence of the communication of solicitation. There is no corroboration to the communication of solicitation. There is no corroboration of intent that the other person act. There is no non-accomplice evidence that connects accused to a crime, in violation of the Fourteenth Amendment. (cont'd attached)

B.   **GROUND TWO:** The trial court reached the wrong conclusion when applying Rule 403 "balancing test" allowing hearsay evidence.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial judge abused his discretion allowing hearsay evidence. There was no evidence for the jury to find that the accused in fact committed ANY "other crime, wrong, or act." Prosecution was allowed to attack petitioner's character, violating due process under the Fourteenth Amendment to the U.S. Constitution. (cont. attached)

—6—

C. **GROUND THREE:** The state used inadmissable evidence, introducing extraneous matters, (a murder), to the solicitation of murder.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The state used a murder to contaminate/inflame the jury. Prosecutors used murder pictures on a 60" projection screen to shock the court causing the judge to empty the court. Defense was denied their request for a mis-trial violating due process. (cont'd attached)

D. **GROUND FOUR:** The jury charge was fundamentally defective.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant/Petitioner was charged with Texas Penal Code §15.03 (a,b). The jury only was charged with §15.03 (a) and not given §15.03 (b) which is the "rules" that govern Section 15.03. This lowered the state's burden of proof denying due process. The jury was not given all laws applicable to the case. (see 5,6 attached)

21. Relief sought in this petition: Petitioner, Johnny Davis prays this court to issue the writ, and to vacate his conviction and sentence and order that the 36th Judicial District court, Judge Flanigan, and/or Aransas County Prosecutors did not have jurisdiction over petitioner or subject matter; to be released from illegal confinement without delay or be given a new trial and any other relief this court deems just and appropriate.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐Yes  ☒No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No *N/A*

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☒ Yes   ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. *Petition for Writ of Mandamus –*
*Court of CRIMINAL APPEALS of TEXAS – filed 4-15-2020*

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: *Kevin Cochran   P.O. Box 412 Corpus Christi, TX. 78403*

    (b) At arraignment and plea: *Kevin Cochran*

    (c) At trial: *Kevin Cochran*

    (d) At sentencing: *Kevin Cochran*

    (e) On appeal: *Coretta Graham   3306 Reid Dr. Ste 105 Corpus Christi TX. 78404*

    (f) In any post-conviction proceeding: *Sandra Eastwood  3636 S. Alameda St. Suite B-197*
    *habeas hearing          corpus christi, TX. 78411*
    *4.10.2019*
    *36th Judicial District   –8–*
    *Aransas County, TX.*

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
       one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
       2244(d) does not bar your petition.[1]

_I was granted an out-of-time PDR that was_
_denied on 9-11-2019. I am within my one year_
_limitation with due diligence._
                                                    _JW_

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
       custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

       (A)    the date on which the judgment became final by the conclusion of direct review or the
              expiration of the time for seeking such review;

       (B)    the date on which the impediment to filing an application created by State action in violation
              of the Constitution or laws of the United States is removed, if the applicant was prevented from
              filing by such State action;

       (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
              Court, if the right has been newly recognized by the Supreme Court and made retroactively
              applicable to cases on collateral review; or

       (D)    the date on which the factual predicate of the claim or claims presented could have been
              discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
       with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
       limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____June 10, 2020_____ (month, day, year).

Executed (signed) on _____6. 10. 2020_____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: ___3001 S. Emily Drive, Beeville,___
___Texas 78102_____

–10–

GROUND ONE: Cont.

1. The trial court erred when asked for a directed verdict for not guilty due to insufficient evidence.

2. The state failed to prove all the elements of criminal solicitation under Texas Penal Code § 15.03 (a,b).

3. The 13th Court of Appeals erred by not applying the statute governing criminal solicitation by eliminating from consideration the evidence of the solicitee, Jason Phillips, and then examine evidence of other independant sources to determine if evidence tends to connect the accused with the commission of the crime, (of which he is on trial), and each essential element.

4. The state was allowed to "bootstrap" testimony to try to corroborate the alleged solicitee.

5. The jail calls, (clippings), were nothing but conversation. There is nothing in these clippings that connects the accused to a crime as required under the charging statute.

6. The Texas statute and article that govern criminal solicitation have not been satisfied to support a conviction.

   All violating due process that is guaranteed by the Fourteenth Amendment to the U.S. Const.

GROUND TWO Cont:

1. Defense counsel filed Motion to Exclude gang language.

2. Defense counsel was forced to ask for a "balancing test under Rule 403.

3. The trial judge's task is to determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the "other crime, wrong, or act", (In this case being affiliated to a gang).

4. The accused was never proven to any "other crime, wrong or act" to the jury.

5. The trial judge reached the wrong conclusion and the state was allowed to use hearsay evidence of gang affiliation.

6. Petitioner was denied a fair trial in violation of his due process rights protected under the 14th Amendment to the U.S. Constitution.

GROUND THREE CONT!

1. Prosecutor's continually brought the murder into the trial in an effort to corroborate a solicitation for murder.

2. Prosecutor's maliciously stated "how do we know Davis wanted Hernandez dead? Because she's dead."

GROUND FOUR CONT:

1. The jury was not given the proper instruction to assess guilt/innocence in criminal solicitation under Texas Penal Code.

2. The jury was never instructed on § 15.03 (b) which is the governing rules for § 15.03 (a) under criminal solicitation.

3. The states burden was drastically reduced by the jury not being given all the applicable laws to the charge.

4. Petitioner did not receive a fair trial. Petitioner did not receive due process of law.

E. GROUND FIVE: Trial counsel failed to provide effective assistance of counsel violating 6, 14 Amends. to the U.S. Constitution.

Trial counsel failed to make sure the jury was charged with the instruction to include the corroboration requirement of §15.03 (b) of the Texas Penal Code which governs the conviction under criminal solicitation, violating due process.

F. GROUND SIX: The 36th Judicial District Court, Judge Patrick Flanigan, Kristen Barnebey, (Aransas County Prosecutors), never had jurisdiction over petitioner or subject matter.

The judge and/or prosecutors did not have the proper credentials to act in an official capacity to their duly elected office. Thereby committing fraud against Petitioner by usurping an elected office in violation of the Seperation of Powers Doctrine. Violating due process as gaurunteed by the Fourteenth Amendment to the U.S. Constitution.

As to any _third_ petition, application or motion, give the same information:

Name of Court: Court of Criminal Appeals of Texas

Nature of Proceeding: Writ of Habeas Corpus 11.07

Cause number: WR-89,380-04

Date you _filed_ the petition, application or motion as shown by a file stumped date from the particular court:

MARCH 27, 2020

Grounds raised: insufficient evidence; hearsay evidence; inadmissable evidence; jury charge, ineffective assistance - trial.

Date of final decision: May 6, 2020

What was the decision?: Court denies relief without written order or hearing.

Name of the Court that issued the final decision:

Court of Criminal Appeals of Texas

As to any __fourth__ petition, application or motion, give the same information:

Name of court: Court of Criminal Appeals of Texas

Nature of proceeding: Petition for Writ of Mandamus on Quo Warranto

Cause number: WR-89,380-05

Date you __filed__ the petition, application or motion as shown by a file stamped date from the particular court:   April 15, 2020

Grounds raised: 36th Judicial District Court, Judge Flanigan, Kristen Barnebey (Aransas County Prosecutors), never had jurisdiction over party or subject matter.

Date of final decision? :   Still Pending   as of mailing this application 6.10.2020

What was the decision!

Name of the court that issued the final decision:



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,380-02

### IN RE JOHNNY LEE DAVIS, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS CAUSE NO. A-16-5063-CR IN THE 36TH DISTRICT COURT FROM ARANSAS COUNTY

*Per curiam.*

### ORDER

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he has not received copies of documents pertaining to his application for a writ of habeas corpus in the 36th District Court of Aransas County, which was remanded to that court on February 13, 2019 for affidavits and findings of fact. While the habeas application was on remand, the trial court conducted a live hearing and entered findings of fact and conclusions of law before forwarding the supplemental record to this Court.

Relator alleges that he never received copies of the documents contained in the supplemental record, including the transcript of the habeas hearing and the trial court's findings of fact and

2

conclusions of law. Pursuant to Article 11.07 §7 of the Texas Code of Criminal Procedure, the district clerk has a duty to mail or deliver copies of all answers, motions, pleadings and orders relating to an application for writ of habeas corpus to the applicant.

In these circumstances, additional facts are needed. Respondent, the District Clerk of Aransas County, is ordered to file a response, stating whether copies of all documents relating to Relator's application for writ of habeas corpus have been mailed or delivered to Applicant. If copies of the documents in question have been sent to Applicant, the clerk shall specify the dates upon which the documents were sent and the manner by which they were sent. If the clerk has not yet provided copies of the documents to Applicant, the clerk shall immediately do so and shall provide this Court with proof of the date upon which those documents were sent and the manner by which they were sent. This application for leave to file a writ of mandamus shall be held in abeyance until Respondent has submitted the appropriate response. Such response shall be submitted within 30 days of the date of this order.

Filed: May 15, 2019
Do not publish



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,380-01

### EX PARTE JOHNNY LEE DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. A-16-5063-CR(HC1) IN THE 36TH DISTRICT COURT FROM ARANSAS COUNTY

*Per curiam.*

### OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of criminal solicitation and sentenced to eighteen years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Davis v. State*, No. 13-17-00103-CR (Tex. App. — Corpus Christi - Edinburg July 26, 2018) (not designated for publication).

Applicant contends, among other things, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review. We remanded this

application to the trial court for findings of fact and conclusions of law.

The trial court held a habeas hearing, heard live testimony and considered documentary evidence. Based on that testimony and evidence, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition for discretionary review *pro se*. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Thirteenth Court of Appeals in Cause No. 13-17-00103-CR that affirmed his conviction in Cause No. A-16-5063-CR from the 36th District Court of Aransas County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: July 3, 2019
Do not publish

CAUSE NO. A-16-5063-CR

| | | |
|---|---|---|
| Ex. Rel. Johnny Lee Davis<br>Relator<br>Private-Attorney-General<br>Interested Party | § | |
| | § | IN THE 36th DISTRICT COURT |
| VS. | § | OF ARANSAS COUNTY, TEXAS |
| Patrick Flannigan,<br>District Court Judge<br>Kristen Barnebey,<br>Prosecutor<br>Kelsey Downing,<br>Assistant Prosecutor | §<br>§ | |
| RESPONDENTS | § | |

## RELATOR'S PETITION FOR A WRIT OF ERROR QUO WARRANTO

Comes now Relator/Private Attorney General/Interested Party in this case, and hereby moves the parties who worked for the State of Texas on the related case for production within 10 days of all original documents required to prove his/her authority to hold office as a government official during these proceedings, as follows:

This is not a collateral attack.

This is not a presentation by the public interest or a third party. This is a presentation by an interested party.

Interested Party: "The name given to a concerned person or a person with a share in Someting." Law Dictionary.com.

A Relator is: "A person who institutes proceedings by criminal information or quo warranto."

-1-

FILED
12 day of Dec 20 19
at 2:30 o'clock P M

am Heard, District Clerk
Dist. Court, Aransas County, Texas
by _____ Deputy